UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:16-cr-00025-GFVT-HAI-2 |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| ROY WEST, | ) | **&** |
| | ) | **ORDER** |
| Defendant. | ) | |

*** *** *** ***

At sentencing, Defendant Roy West objected to the determination of his criminal history points in his presentence report. After taking the matter under advisement, the Court now overrules that objection. In this specific case, though Mr. West was trading one drug for another, the two drug convictions are severable into separate convictions, and therefore, should not be counted as relevant conduct for purposes of calculating his criminal history category.

## I

Defendant Roy West was indicted in June 2016 for conspiracy to distribute methamphetamine. [R. 1.] Several months later, Mr. West entered a guilty plea to the same. [R. 61; R. 62.] He was sentenced by this Court on October 31, 2017, to eighty-seven months of imprisonment. [R. 108; R. 114.] In his presentence report, the United States Probation Office (USPO) applied three criminal history points for a state trafficking offense involving oxycodone. [R. 120 at 13.]

Mr. West objected to these points. According to him, he was trading oxycodone pills for methamphetamine. [R. 124 at 5.] After his arrest, the United States indicted him only as to the methamphetamine while the Commonwealth of Kentucky indicted him only as to the oxycodone.

*Id.* Kentucky sentenced Mr. West to seven years in prison, concurrent to the pending federal charges. [R. 120 at 13.] During sentencing, the Court overruled the objections, but referenced the incorrect United States Sentencing Guideline. [R. 144.] On appeal to the Sixth Circuit, the sentence was vacated. *Id.* The Court rescheduled sentencing for June 2019, and reheard arguments from both Mr. West concerning this objection. [R. 162.] At the hearing, the Court took the objections[1] under advisement and addresses them now. *Id.*

Pursuant to United States Sentencing Guideline § 4A1.1(a), the USPO included three points because it was a "prior sentence of imprisonment" that was longer than thirteen months. However, § 4A1.2(a)(1) excludes counting a sentence as a "prior sentence" for the purposes of calculating criminal history if the sentence was imposed for conduct that is "part of the instant offense." Mr. West believes that because he was exchanging oxycodone pills for methamphetamine, the state sentence should be treated as "part of the instant offense." By doing so, this would reduce his criminal history from a score of four to a score of one, dropping his criminal history category from III to I. United States Sentencing Guidelines § 4B1.5.

## II

The Sixth Circuit tells us the correct analysis is whether the distribution of oxycodone is relevant conduct to the instant offense under the provisions of § 1B1.3. *United States v. West*, No. 17-6348, at 3 (6th Cir. 2018). Under this section "relevant conduct" includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction, in

---

[1] Mr. West made two objections. Objection #1 is discussed in this Opinion as an objection to the three criminal history points outlined in Paragraph 53 of the presentence report. [R. 120 at 23.] Objection #2 relied on the Court granting Objection #1, stating that if Mr. West's criminal history points were reduced, he would be entitled to receive a reduction under United States Sentencing Guidelines § 5C1.2. *Id.* Because the Court overrules Objection #1, and Mr. West's criminal history category remains the same, the Court also must overrule Objection #2 as moot.

preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." United States Sentencing Guidelines § 1B1.3(a)(1). When two offenses would have been grouped for sentencing under § 3D1.2(d), relevant conduct includes "all acts . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." United States Sentencing Guidelines § 1B1.3(a)(2). Both the intent to distribute oxycodone and the conspiracy to distribute methamphetamine offenses would have been grouped under §§ 2D1.1 and 3D1.2(d) if both offenses had been charged in federal court and had been sentenced at the same time.

The Sixth Circuit also says the appropriate inquiry is whether the "prior sentence" and the instance offense involve conduct that is severable into separate offenses. *United States v. Beddow*, 957 F.2d 1330, 1338 (6th Cir. 1992). This is a "fact-specific inquiry" involving factors such as "the temporal and geographical proximity of the two offenses, common victims, and a common criminal plan or intent also must be considered." *Id*.

The Sixth Circuit in *Beddow* found that carrying a concealed firearm was severable conduct from money laundering because the different criminal conduct harmed different societal interests. *Id*. at 1339. Additionally, the crime of money laundering had been completed (when defendant transported emeralds into the country in order to launder drug month) six months earlier, even though he was arrested with the firearm while trying to sell the emeralds. *Id*.

In *United States v. Hicks*, the Sixth Circuit also considered this question. Hicks was arrested for attempted murder and eventually pled guilty to aggravated assault in state court. *Hicks*, 4 F.3d 1358, 1360 (6th Cir. 1993). When he was arrested, officers also found discovered cocaine. *Id*. Hicks was also convicted in state court for distribution of cocaine. *Id*. In federal court, Hicks was indicted for conspiracy to distribute cocaine, fraud, and illegal possession of a

firearm, to which he entered a guilty plea to the firearm charge and the US dismissed the cocaine and fraud charges. *Id*. at 1360–61. The Sixth Circuit determined the state cocaine conviction was a "prior sentence" because the discovery of cocaine was not related to the attempted murder and possession of a firearm, nor was any evidence presented to connect the firearm to the defendant's drug trafficking activities. *Id*. at 1362–63.

Here, the distribution of methamphetamine and distribution of oxycodone are distinct offenses. The United States could have charged both in the same indictment but chose not to. While many of the elements of the crimes would have been the same, the drugs are different, and proof of the existence of oxycodone is not necessary for a conviction related to conspiracy to distribute methamphetamine. *United States v. Hansen*, 70 F. 3d 1273 (Table), 1995 WL 684525 at *3 (6th Cir. 1995); *United States v. Underwood*, 11 F. App'x 581, 587 (6th Cir. 2001).

True, the oxycodone state charge occurred during the federal methamphetamine conspiracy, which suggests relevant conduct in some cases. *United States v. Ward*, 506 F.3d 468, 474 (6th Cir. 2007); *United States v. Young*, 310 F. App'x 784, 798–99 (6th Cir. 2009); *United States v. Garcia-Rodriguez*, 718 F. App'x 322, 324–25 (6th Cir. 2017). But timing by itself is not enough to classify the crimes as relevant conduct, as Mr. West conceded to the Court. [R. 124 at 11.] The oxycodone charge was for an isolated and discrete incident. The state conviction occurred "on or about the 4th day of August, 2015," [R. 120 at 13] while the federal conviction occurred between June 2015 and May 25, 2016 [R. 1 at 1]. Mr. West has not been charged with financial crimes, in which the details of the transaction itself are relevant, but rather has been convicted of distinct drug crimes. The Court finds that these are separate offenses.

## III

The two crimes are connected, yes, but not connected enough to be relevant conduct. Trafficking in oxycodone requires the Government to prove different elements than the crime of conspiracy to distribute methamphetamine, and the United States could have charged both as separate crimes in an indictment. Accordingly, Mr. West's objections to his presentence report is **OVERRULED**. Sentencing in this matter is rescheduled for **Wednesday, October 30, 2019**, at the hour of **1:30 p.m.** at the United States District Courthouse in **Frankfort**, Kentucky.

This the 14th day of August, 2019.

Gregory F. Van Tatenhove
United States District Judge